166 So. 414

## DOWNING v. COFFEY.

### 8 Div. 681.

Supreme Court of Alabama.

March 6, 1936.

W. L. Chenault, of Russellville, for appellant.

R. L. Almon, of Moulton, for appellee.

THOMAS, Justice.

The bill was filed by appellee to have a mortgage executed by W. H. Hill and wife, Annie M. Hill, on January 24, 1917, declared paid, to cancel the same on record, and enjoin the threatened foreclosure thereof.

There was answer and cross-bill, bringing in all the parties in interest, and seeking foreclosure of the same mortgage.

The decree of the trial court was to the effect that the mortgage indebtedness to Mrs. Downing had been fully paid and the mortgage delivered up to the mortgagors, W. H. Hill and wife, Annie M. Hill; that the record of said mortgage as recorded in the office of the judge of probate had never been marked satisfied, nor was there any evidence of satisfaction of said mortgage indebtedness placed upon the records in said office; that it was "decreed satisfied and the same * * * cancelled and annulled"; that the register was directed to duly enter such satisfaction and notation of decree of satisfaction on the record in the probate office; and that the order and writ of injunction against foreclosure by the mortgagee's privity in blood was made perpetual.

We have carefully examined the evidence, and are of the opinion that the mortgagee was a widow, with one daughter, appellant, and a son, Eugene Downing, who lived with her; that Eugene was the agent and attorney of his mother, looking after her affairs generally, such as assessing her taxes, collecting rents, attending to the upkeep of her property; that he received payments of her notes and mortgages, and entered satisfaction of some of her mortgages on record. The evidence further showed he prepared and received for her the mortgage in question, which carried on its face a debt due himself by Hill, as well as the debt due his mother; that he received payment of the amount due on that mortgage and deposited the money in the bank with notation of the nature of that payment or deposit; that he had power and authority to receive payment, did produce and indorse paid, the note and mortgage, and delivered up the same to the mortgagors; that during the life of the mortgagee such general agent (long after the due date of the mortgage) made no insistence of nonpayment, or effort to collect or foreclose; nor insistence of the lack of authority to act on the part of the son (attorney) for his mother in the matter of collection and delivery of the mortgage.

"A legal presumption of payment does not arise from mere lapse of time, until after the lapse of twenty years, without payment of interest, or any other recognition of indebtedness on the part of the debtor; yet positive evidence of payment is not required, but it may be established by circumstances, such as would satisfy a jury that the continued existence of the debt was highly improbable." Phillips v. Adams, 78 Ala. 225; Folmar v. Beall et al., 204 Ala. 298, 85 So. 540. Such is the case before us.

We are impressed that the trial court is correct in the finding of facts made. This is concluded by the testimony of Mr. Judy from the bank, as to the deposit made of such money, notation thereof on the certificate of deposit, and the satisfaction entered on a former mortgage embraced in the W. H. Hill mortgage.

The general course of conduct of business of the mother, by and through the son as her attorney—his inclusion of a debt due himself in the mother's mortgage, with her consent, his production, delivery, and collection of the amount thereof—under this evidence, warranted the assumption of authority in that agent and attorney to the end of such collection of the debt and the delivery of the evidence thereof. Gibson v. Snow Hardware Co., 94 Ala. 346, 10 So. 304; Montgomery Furniture Co. v. Hardaway et al., 104 Ala. 100, 16 So. 29; Tennessee River Transportation Co. v. Kavanaugh Bros., 101 Ala. 1, 13 So. 283; Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832, 84 A.L.R. 740.

The several witnesses testified that in 1929 the mortgage was in possession of the mortgagors, indorsed paid. The evidence shows that no demand for payment, or effort to foreclose, was made during the life of the mortgagee, that of her son and attorney, Eugene, or the life of Jim Hill, the original purchaser of the lands from Mrs. Downing and whose mortgage was marked satisfied. The evidence is without conflict that the balance due on the Jim Hill mortgage was carried into the W. H. Hill mortgage, the subject of controversy here.

Imputing perfect good faith to all concerned, no doubt the Jim Hill mortgage was carried into the face of the W. H. Hill mortgage, was not satisfied, and later when the last-named mortgage was paid, the satisfaction of record to be entered was indorsed on the Jim Hill mortgage. However this may be, the foreclosure sought is properly denied and enjoined under the evidence and the fact of delay until after the death of the three parties in interest, to which we have adverted. Wooddy v. Matthews, 194 Ala. 390, 69 So. 607.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.